IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TANYA MATHIS,[1] | § | |
| | § | |
| Respondent Below, | § | No. 484, 2018 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DEPARTMENT OF SERVICES FOR | § | File No. CS17-12-05TS |
| CHILDREN, YOUTH AND THEIR | § | Petition No. 17-38676 |
| FAMILIES, DIVISION OF FAMILY | § | |
| SERVICES, and OFFICE OF THE | § | |
| CHILD ADVOCATE, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: March 27, 2019
Decided: March 28, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

In this appeal, Tanya Mathis claims that the Family Court erred by terminating her parental rights. In support of that claim, Mathis makes two arguments. The first is that the termination of her parental rights violated a fundamental right under the Due Process Clause of the U.S. Constitution. This argument was not presented to the Family Court and was thus waived.[2] Not only that, it is without merit. A parent

---

[1] The Court previously assigned a pseudonym to the party under Supreme Court Rule 7(d).
[2] Del. Supr. Ct. R. 8 (2018); *Hill v. Div. of Family Servs.*, 82 A.3d 729, 2013 WL 6570734, at *3 n.16 (Del. 2013) (TABLE).

of course has a fundamental right not to have her relationship with her children severed without due process of law.[3] But the statutory regime Delaware employs to determine whether to terminate parental rights respects that right by employing extensive procedural protections that guarantee the parent counsel, and that impose upon the State rigorous requirements before it can terminate a parent's rights, such as meeting a clear and convincing evidence standard.[4] The State has a compelling interest in protecting children from unfit parents or custodians, and the protections of 13 *Del. C.* §§ 1103 and 722 provide sufficient due process to any parent seeking to contest the State's attempt to terminate her rights.

The second argument that Mathis makes is that the Family Court erred in its determination under § 722 that terminating her parental rights was in the best interests of her children. As to that argument, we affirm on the basis of the Family Court's decision, which carefully addressed each of the relevant statutory factors, and explained why the Court found, by clear and convincing evidence, that termination was in the best interests of the children.[5]

---

[3] *See Troxel v. Granville*, 530 U.S. 57, 65–66 (2000).

[4] *See Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008). *See also Watson v. Div. of Family Servs.*, 813 A.2d 1101 (Del. 2002).

[5] *Dep't Servs. for Children, Youth & Their Families*, *Div. of Family Servs.* v. *T.M.*, Petition No. 17–38676, slip op. (Del. Fam. Ct. Aug. 17, 2018).

2

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is hereby AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice